Myron Angstman
Matthew Widmer
ANGSTMAN LAW OFFICE
PO Box 585
Bethel, AK 99559
Phone: (907) 543-2972
Fax: (907) 543-3394
angstmanadmin@alaska.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| AMY D. VAUGHN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:07-CV-_____ <br><br> COMPLAINT |

Plaintiff Amy D. Vaughn, through counsel Angstman Law Office, for her complaint against the defendant, states and alleges as follows:

**JURY DEMAND**

Plaintiff hereby requests a trial by jury.

**PARTIES AND JURISDICTION**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and §§ 2671 *et seq.*

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Vaughn v. United States                                        Page 1 of 6

Case 3:07-cv-00176-JWS   Document 1   Filed 09/04/07   Page 1 of 6

2. Plaintiff currently resides in Anchorage, Alaska. At all times relevant to the allegations and claims in this complaint, Plaintiff has resided in Alaska. The acts and omissions giving rise to this complaint occurred in Bethel, Alaska.

3. The Yukon-Kuskowim Health Corporation ("YKHC") is a non-profit corporation organized pursuant to Alaska law. Upon information and belief, YKHC is a corporation in good standing in the State of Alaska.

4. The United States has assumed tort liability under the Federal Tort Claims Act for the negligent acts of YKHC employees.

5. This court has jurisdiction over the subject matter of this action under 28 U.S.C. §1346(b). An administrative claim has been presented and that claim was denied on June 29, 2007.

## BACKGROUND FACTS

6. On or about August 31, 2004, Plaintiff was admitted for diagnostic testing and treatment at YKHC. Plaintiff had been experiencing an episode of confusion and disorientation.

7. Prior to August 31, 2004, and as recent as August 11, 2004, YKHC employees or agents had noted in Plaintiff's chart that she had recently had a MRI that showed a cyst on a portion of her brain.

8. In fact, Plaintiff had been referred by YKHC personnel to another medical center in Alaska-the Alaska Native Medical Center in Anchorage-in order to have a

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

MRI performed on her spine and brain. YKHC made this referral in response to the severe headaches and lower back pain Plaintiff had been experiencing over the preceding months.

9. The MRI performed on July 22, 2004, revealed an abnormal lobular mass located in the posterior cranial fossa, below Plaintiff's left cerebellar hemisphere near the midline, exhibiting mass effect on the cerebellum. In other words, the MRI showed that Plaintiff had a cyst growing on her brain.

10. Despite the clear indication in Plaintiff's chart that she had a cyst growing on her brain, on or about August 31, 2004, when Plaintiff presented at YKHC with symptoms of confusion and disorientation, YKHC staff or agents diagnosed a psychotic break.

11. YKHC staff or agents asked the Bethel Superior Court for an ex-parte order to involuntarily commit Plaintiff.

12. YKHC staff or agents did not perform a full medical examination, neurological examination or medical clearance of Plaintiff, nor did they order any laboratory work to assist in their evaluation and diagnosis of Plaintiff's health and the cause of her symptoms prior to diagnosing a psychotic break.

13. The Bethel Superior Court granted the ex-parte order, and Plaintiff was subsequently handcuffed and transported to the Alaska Psychiatric Institute ("API") in Anchorage.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

14. API personnel performed an independent evaluation of Plaintiff's health and symptoms and did not find any evidence of psychosis, affective disorder, or major mental illness.

15. API personnel did note, however, that Plaintiff's chart showed that she had a MRI taken of her spine and brain on July 22, 2004, which documented evidence of a space-occupying lesion in the posterior cranium.

16. API personnel described Plaintiff as "extremely pleasant, cooperative, and generally a delight to be around," and that it was "quite clear that she was not in need of any psychiatric inpatient treatment."

17. API personnel further noted the deficiencies in the diagnosis and treatment provided Plaintiff at YKHC.

18. API personnel concluded that Plaintiff was not in need of any inpatient or outpatient psychiatric care, but rather, demonstrated a need for further examination and treatment by a neurological specialist.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

19. Plaintiff realleges and incorporates Paragraphs 1-18, above.

20. At the above-mentioned time and place, Defendant, through its agents, servants and employees, was negligent in one or more of the following respects:

   a. Failing to perform a full, or otherwise appropriate, medical examination on

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Plaintiff when she presented at the YKHC emergency room on or about August 31, 2004.

b. Failing to perform a full, or otherwise appropriate, neurological examination on Plaintiff when she presented at the YKHC emergency room on or about August 31, 2004.

c. Failing to review Plaintiff's medical history and chart so as to learn that she had recently been diagnosed with a cyst on her brain which may well have been causing her symptoms.

d. Diagnosing a psychotic break in Plaintiff.

e. Seeking and securing an ex-parte order for the involuntary commitment of Plaintiff to API, an in-patient psychiatric treatment facility.

f. Causing Plaintiff to be handcuffed and involuntarily transported to API.

g. Causing Plaintiff to spend numerous days involuntarily committed at API while API personnel performed diagnostic tests and while more appropriate treatment was arranged.

h. Causing Plaintiff to suffer a delay in much-needed treatment for a serious medical condition caused by the cyst on her brain.

21. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of Defendant, Plaintiff sustained economic and non-economic damages, the precise amount of which will be proven at trial.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Vaughn v. United States

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court grant her the following relief:

1. An award of economic and non-economic damages, the precise amount of which will be proven at trial;

2. Allowable costs and attorney's fees; and

3. Such other relief as the court deems equitable and just.

RESPECTFULLY SUBMITTED this 30 day of August, 2007.

                                      ANGSTMAN LAW OFFICE
                                      Attorneys for Plaintiff

                                       By:   s/Myron Angstman
                                                ANGSTMAN LAW OFFICE
                                                PO Box 585
                                                Bethel, AK 99559
                                                Phone: (907) 543-2972
                                                Fax: (907) 543-3394
                                                Email: angstmanlaw@alaska.com
                                                Alaska Bar No. 7410057

**Angstman Law Office**
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Complaint
Vaughn v. United States

Page 6 of 6